## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LYDIA KLOTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03 C 2262 |
| | ) The Honorable Joan B. Gottschall |
| CARMAX, | ) |
| | ) |
| Defendants. | ) |

**DOCKETED**

**JUL 1 1 2003**

**FILED**

JUN 2 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF MOTION

**TO:**   Lydia Klotz, Plaintiff Pro Se
3320 Odessey Ct.
Naperville, IL 60563

**PLEASE TAKE NOTICE** that on ___July 2___, 2003, at 9 : 30 a.m., the undersigned will appear before the Honorable Joan B. Gottschall in Courtroom 1919 of the Dirksen Federal Building located at 219 S. Dearborn, Chicago, Illinois, and then and there present the attached Motion to Compel Arbitration and Stay This Proceeding Pending Arbitration, a copy of which is herewith served upon you, along with Defendant's Memorandum in support of said Motion.

INTERNATIONAL PAPER COMPANY

By: _____
      One of its attorneys

John J. Michels, Jr., Esq.
Mark J. Sheppard, Esq.
McGuireWoods LLP
77 W. Wacker, Ste. 4400
Chicago, IL 60601
Counsel for Defendant, CarMax, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that (s)he served the foregoing Notice and attached Motion to Compel Arbitration and Stay this Proceeding Pending Arbitration, along with Defendant's memorandum in support thereof, by placing a true copy of same in a properly addressed envelope and depositing it in the U.S. mail chute located at 77 W. Wacker Drive, Chicago, Illinois, with proper postage prepaid, at or before 5:00 p.m. on ___June 26___, 2003, with proper postage prepaid.

\\LAB\368894.1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLIONIS
## EASTERN DIVISION

LYDIA KLOTZ,                          )
                                      )
      Plaintiff,                 )
                                      )
      v.                         )   Case No. 03 C 2262
                                      )
CARMAX,                               )
                                      )
      Defendants.                )

DOCKETED

JUL 1 1 2003

FILED JUN 2 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DEFENDANT'S MOTION TO COMPEL ARBITRATION
## AND STAY COURT PROCEEDINGS

      Defendant CarMax, Inc. ("CarMax"), by its counsel, McGuireWoods LLP, hereby

moves to compel arbitration of the claims brought by Plaintiff Lydia Klotz, *pro se*,

("Klotz") and to stay proceedings pending arbitration, and states as follows:

      1.      On April 2, 2003, Klotz filed a Complaint in the District Court for the

Northern District of Illinois, Case No. 03-C-2262.

      2.      Klotz had applied for employment at CarMax on January 25, 2002.  Her

CarMax employment application contained an arbitration clause requiring that all

disputes between herself and CarMax arising out of her application, employment or

termination, would be subject to mandatory arbitration.  This included employment

discrimination claims including those that had been submitted to an agency for

determination.

      3.      CarMax discharged Klotz from employment and she subsequently filed a

charge alleging age, national origin and disability discrimination with the Equal

Employment Opportunity Commission ("EEOC").  The EEOC dismissed the charge and

issued her a right-to-sue letter. She then filed the Complaint in this matter alleging the same discrimination charges.

    4.    The mandatory and binding arbitration agreement governs resolution of all disputes between Klotz and CarMax. That agreement is valid and enforceable, binding on the parties, and governs Klotz's claims in this case.

    WHEREFORE, for the reasons stated above and in CarMax's accompanying Memorandum in Support, this Court should compel arbitration of Klotz's claims against CarMax and stay these proceedings pending the outcome of that arbitration.

CARMAX, INC.

By:_____
One of its attorneys

John J. Michels, Jr., Esq.
Mark J. Sheppard, Esq.
McGuireWoods LLP
77 W. Wacker Dr. Suite 4400
Chicago, IL 60601
Counsel for Defendant, CarMax, Inc.

\\LAB\368995.1

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLIONIS
### EASTERN DIVISION

LYDIA KLOTZ,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Case No. 03 C 2262
                                      )   Judge Gottschall
CARMAX,                               )
                                      )
            Defendants.               )

**FILED**
JUN 2 6 2003
MICHAEL W. DOBBINS
CLERK. U.S. DISTRICT COURT

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY THIS PROCEEDING PENDING ARBITRATION

**DOCKETED**
JUL 1 1 2003

## I.    INTRODUCTION

COMES NOW the Defendant Carmax, Inc. ("CarMax"), by its counsel, McGuire Woods LLP, and files its Memorandum in Support of its Motion to Compel Arbitration and Stay This Proceeding Pending Arbitration.

Lydia Klotz ("Klotz") brought a *pro se* Complaint against CarMax alleging age, disability and national origin discrimination. In applying for employment at CarMax, Klotz signed an agreement to arbitrate any employment-related disputes. Klotz's claims in this matter fall squarely within the area governed by the arbitration agreement. To date, Klotz has not filed a demand for arbitration, nor has she raised any of her claims in an arbitration forum.

The Federal Arbitration Act and its interpreting case law dictate that this Court should enforce Carmax's arbitration agreement and that the Court should stay this proceeding and compel the parties to arbitrate this dispute. As set forth in more detail

below, CarMax urges this Court to grant Carmax's Motion to Compel and stay this matter

pending arbitration.

## II.    FACTUAL BACKGROUND

Klotz applied for the position of Sales Consultant Trainee at CarMax on January

25, 2002.  Her application is attached as Exhibit A.  The application includes a Dispute

Resolution Agreement ("the Agreement"), which specifically states that applicants who

"wish to be considered for employment [must] read and sign [the Agreement].  You will

be considered as an applicant when you have signed the Agreement.  Included in this

application is the CarMax Dispute Resolution Process and Procedures."  (Exh. A at 2).

Applicants are given three days to withdraw their consent to the Agreement and

end the application process.  (Exh. A at 2).  The Agreement, in pertinent part, states as

follows:

> Except as set forth below, **both CarMax and I agree** to settle any and all
> previously unasserted claims, disputes, or controversies arising out of or
> relating to my application or candidacy for employment, employment
> and/or cessation of employment with CarMax, exclusively by final and
> binding arbitration before a neutral arbitrator.  By way of example only,
> **such claims include claims under federal, state and local statutory or**
> **common law, such as the Age Discrimination in Employment Act,**
> **Title VII of the Civil Rights Act of 1964, as amended, including the**
> **amendments of the Civil Rights Act of 1991, the Americans with**
> **Disabilities Act,** the Family Medical Leave Act, the law of contract or
> tort.
>
> I understand that if I do file a lawsuit regarding a dispute arising out of or
> relating to my application or candidacy for employment, employment or
> cessation of employment, CarMax may use this Agreement in support of
> its request to the court to dismiss the lawsuit and require me instead to use
> arbitration....
>
> I further understand that I may still file administrative charges with the
> Equal Employment Opportunity Commission or similar federal, state or
> local agency, but that upon receipt of a right-to-sue letter or similar

2

> administrative determination, I shall arbitrate any claim that I may have
> against CarMax.

(Exh. A at 2) (emphasis added) The Agreement also states that:

> I recognize that if I sign the Agreement and do not withdraw within three
> days of signing I will be required to arbitrate, as explained above,
> employment-related claims which I may have against CarMax, whether or
> not I become employed by CarMax.

(Exh. A).

Klotz signed the Agreement when she applied for employment at CarMax.

CarMax hired Klotz for the Sales Consultant Trainee position on February 28, 2002.

CarMax terminated her employment on April 24, 2002, for unsatisfactory performance.

After filing a charge of discrimination, and receiving a Notice of Right to Sue from the

Equal Employment Opportunity Commission, she brought this action. Klotz did not file

an arbitration demand, and arbitration between Klotz and CarMax over the claims in her

Complaint has not occurred.

## III.    ARGUMENT

This Court should stay this litigation as required by the Federal Arbitration Act, 9

U.S.C.A. § 2, *et seq.* and compel Klotz to arbitrate her claims against CarMax, because:

(1) the parties entered into a valid and binding arbitration agreement; (2) each of Klotz's

claims falls squarely within the scope of the arbitration provision contained in the

Agreement; and (3) no waiver of the Agreement occurred.

### A.    Standard of Review.

In considering a motion to compel arbitration, the Court applies the standards

found in the Federal Arbitration Act, 9 U.S.C.A. § 2, *et. seq.* (West Stat. 2003), which

provides that an arbitration clause in a 'contract evidencing a transaction involving

3

commerce ...shall be valid, irrevocable, and enforceable, save upon such grounds as exist

at law or in equity for the revocation of any contract.'" *Double Sunrise, Inc. v. Morrison*

*Management Specialist, Inc.*, 149 F.Supp.2d 1039, 1043 (N.D. Ill. 2001)(quoting the

FAA, 9 U.S.C. § 2).

      The Federal Arbitration Act ("FAA") reflects a legislative recognition of "the

desirability of arbitration as an alternative to the complications of litigation." *Wilko v.*

*Swan*, 346 U.S. 427, 431 (1953). *See also Moses H. Cone Mem'l Hosp. v. Mercury*

*Constr. Corp.*, 460 U.S. 1, 24 (1983) (9 U.S.C. § 2 is "a congressional declaration of a

liberal federal policy favoring arbitration agreements").

      The Act further provides that proceedings in federal court <u>must</u> be stayed

whenever the court finds that a claim before it is subject to arbitration:

> If any suit or proceeding be brought in any of the courts of
> the United States upon any issue referable to arbitration
> under an agreement in writing for such arbitration, the court
> in which such suit is pending, upon being satisfied that the
> issue involved in such suit or proceeding is referable to
> arbitration under such an agreement, <u>shall on application of</u>
> <u>one of the parties stay the trial of the action until such</u>
> <u>arbitration has been had in accordance with the terms of the</u>
> <u>agreement</u>, providing the applicant for the stay is not in
> default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added); *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th

Cir. 1995).

      These statutory provisions are mandatory and binding on federal courts: "By its

terms, the Act leaves no place for the exercise of discretion by a district court, but instead

mandates that district courts shall direct the parties to proceed to arbitration on issues as

to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*,

470 U.S. 213, 218 (1985).

The policy behind the FAA warrants that federal courts interpret arbitration clauses broadly to include all claims that could reasonably be included within their scope. In *Double Sunrise*, this Court acknowledged this mandatory rule of construing arbitration agreements:

> Once it is clear that the parties have a contract that provides for arbitration of the contested issues between them, the arbitration provisions must be given their broadest possible meaning.

*Double Sunrise*, 149 F.Supp.2d at 1043.

Thus, even if the agreement at issue is ambiguous with regard to whether a claim is subject to arbitration, the trial court should construe the agreement as covering the claim. The Supreme Court has held that under the FAA, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-25; *accord, Matthews*, 72 F.3d at 53. "In interpreting the construction of the contract language, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Id.* (*citing Moses H. Cone Mem. Hosp.*, 460 U.S. at 24). A court may not deny a party's request to arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Matthews*, 72 F.3d at 53. "Doubts should be resolved in favor of coverage." *Id.*

## B.    Klotz's Claims Are Clearly Arbitrable

This Court stated that, "In order to determine whether a claim is arbitrable, we must determine: 1) whether there is an agreement to arbitrate; 2) whether the claims fall within the scope of that agreement; and 3) whether there has been a waiver of the right to

arbitrate." *Nieminski v. John Nuveen & Co.*, No. 96-C-1960, 1997 WL 43241 at * 2

(N.D. Ill. Jan. 23, 1997)(quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20,

24 (1991). Because CarMax and Klotz entered into an arbitration agreement and there is

no waiver, the Court should grant CarMax's motion.

### 1.     Klotz and CarMax Are Parties to a Valid Agreement to Arbitrate this Dispute.

There can be no doubt in this case that CarMax and Klotz entered into a valid and

enforceable agreement to submit all disputes between them to arbitration. The

application signed by Klotz contained the signed Agreement in which Klotz expressly

agreed that she would "arbitrate all claims" against CarMax. (Exh. A at 2).

In determining whether an arbitration agreement in an Illinois contract is valid,

courts examine the agreement under Illinois contract law as they would any other

contract. *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 366-67 (7th Cir. 1999).

Courts consider the agreement at issue to be supported by adequate consideration so long

as its provisions bind both parties. *Id.* at 367-68. That one party may have had unequal

bargaining power is not a basis for invalidating an Illinois arbitration agreement. *Id. at

367.* Nor is conditioning the worker's employment on his or her signing the arbitration

agreement a basis for refusing to enforce an agreement. *Id.*

In the current case, the Agreement is clearly valid under Illinois law.

Consideration clearly supports the Agreement since mutual promises to arbitrate bind

both parties. That the Agreement is in an employment application and not an

employment contract has no bearing on its validity. *See Gilmer*, 500 U.S. at 25

(arbitration agreement in separate pre-employment application binding on employment

disputes as any other arbitration clause). Klotz does not even acknowledge the

Agreement in her Complaint, much less criticize it for being invalid on any basis.  The

Agreement is thus valid and enforceable.

### 2.    Klotz's Claims against CarMax Are Subject to Arbitration

Every cause of action set forth in Klotz's Complaint falls within the scope of the

arbitration clauses to which she agreed.  The Agreement's arbitration clause is extremely

broad and expressly reaches Klotz's age, disability, and national origin discrimination

claims:

> [S]uch claims include claims under federal, state and local
> statutory or common law, such as the Age Discrimination
> in Employment Act, Title VII of the Civil Rights Act of
> 1964, as amended, including the amendments of the Civil
> Rights Act of 1991, the Americans with Disabilities Act,
> the Family Medical Leave Act ....

(Exhibit A at 2).

The Supreme Court and Seventh Circuit have definitively held that arbitration

agreements reach employment discrimination claims.  *Gilmer,* 500 U.S. at 35; *Tinder v.*

*Pinkerton Security, Inc.*, 305 F.3d 728, 734 (7th Cir. 2003).   Even if the Agreement was

ambiguous regarding whether Klotz's claims were arbitrable, the Court is compelled by

statute to resolve any ambiguities in favor of arbitration.  *See Matthews*, 72 F.3d at 53.

Since the Agreement's broad arbitration clause clearly covers Klotz's claims in this case

and it cannot be said with "positive assurance" that the Agreement is not susceptible to an

interpretation that covers Klotz's claims against CarMax, the Court should compel

arbitration.  *Id.*

### 3.    No Waiver of the Arbitration Agreement Occurred

Finally, there is no alleged CarMax waiver of the Agreement that would render it

unenforceable.  Klotz does not allege waiver in her Complaint.  Klotz's actions in filing a

charge of discrimination, which the EEOC investigated and dismissed with a no probable

cause finding, did not operate as a waiver. In fact, the Agreement expressly permits

Klotz to file discrimination charges but states that she must arbitrate all such claims upon

receiving a right-to-sue letter, as is the case here. (Exh. A at 2).

## IV.    CONCLUSION

The Agreement contains a valid and enforceable arbitration provision. Klotz's

claims are clearly subject to that Agreement. She voluntarily executed the Agreement

and now must adhere to this contractual obligation. For the reasons set forth herein, and

those that may be stated at a hearing on this matter, CarMax respectfully moves that the

Court compel Klotz to arbitrate her claims against CarMax and stay such claims pending

arbitration in accordance with the Agreement.

CARMAX, INC.

By:_____
One of its attorneys

John J. Michels, Jr., Esq.
Mark J. Sheppard, Esq.
McGuireWoods LLP
77 W. Wacker Dr. Suite 4400
Chicago, IL 60601
Counsel for Defendant, CarMax, Inc.

\\LAB\368758.1

8



# EMPLOYMENT APPLICATION

(Confidential)

| CARMAX, A CIRCUIT CITY COMPANY, IS AN EQUAL OPPORTUNITY EMPLOYER BY BOTH POLICY AND PRACTICE AND COMPLIES WITH ALL FEDERAL AND STATE LAWS WHICH FORBID DISCRIMINATION. | IT IS UNLAWFUL IN MARYLAND AND MASSACHUSETTS TO REQUIRE OR ADMINISTER A LIE DETECTOR TEST AS A CONDITION OF EMPLOYMENT OR CONTINUED EMPLOYMENT. AN EMPLOYER WHO VIOLATES THIS LAW SHALL BE SUBJECT TO CRIMINAL PENALTIES AND CIVIL LIABILITY. |
|---|---|

**Social Security Number** 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   **Location #** 7122

**First Name** Lydia Kristen   **Last Name** Klotz

**Number & Street Address** 2534 Gipson Circle

**City** Naperville   **State** IL   **Zip Code** 65564 -

**Home Phone** (630) 522-3298   **Work Phone** (877) 413-2772

Thank you for considering CarMax, a Circuit City Company as an employer. To ensure that we make a hiring decision that is right for us and you, we use a number of different selection tools and consider a great amount of information before a decision is made. As you go through the employee selection process, you may come in contact with some or all of the following selection tools.

1. **Employment Application** - Complete all sections which pertain to you. Do not include a resume as a substitute for completing the application. Sign and date the application. The employment application allows CarMax to determine your qualifications and experience. By signing the application, you authorize CarMax to verify the information contained in the application. Falsification of information on the application or failure to provide accurate information can result in disqualification for employment or termination of employment if discovered after hire.

2. **Dispute Resolution Agreement** - This agreement requires you and CarMax to arbitrate certain legal disputes related to your application for employment or employment with CarMax. CarMax will consider your application only if this agreement is signed.

3. **Employment Interviews** - Several personal (or telephone) interviews may be conducted with you in order to provide more detailed information regarding your background and qualifications.

4. **Employment Eligibility Verification** - This form is required by the U.S. Department of Justice and the Immigration and Naturalization Service. It is used to verify your identity and right to work in the United States.

5. **Employment Testing** - Various tests may be administered to measure your aptitude and abilities in job related areas. While most tests are short, some administered to management level candidates may take several hours.

6. **Drug and Illegal Substance Testing** - This is a urinalysis test for the presence of drugs and illegal substances.

7. **Reference Checks** – Former employers and educational references are verified prior to an offer of employment.

8. **Records Checks** - Verification and information checks are performed with the Social Security Administration, criminal courts, state and county repositories of criminal records, Department of Motor Vehicles, and credit bureaus.

9. **Physical Examination** - Some positions in the Company require the applicant to take a physical examination.

10. **Loss Prevention Process** - You will be asked questions concerning your employment application, any current and past involvement with illegal drugs, any prior felony convictions, and adverse information from prior employers, and other related matters.

16859

EXHIBIT A




| APPLICANT'S SSN & STORE LOCATION ID TO BE COMPLETED BY THE **APPLICANT** | Social Security Number | Location # |
|---|---|---|
| | 3 7 6 - 5 6 - 9 7 7 0 | 7 1 7 7 |

If you wish to be considered for employment you must read and sign the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included in this booklet you must request a copy from a CarMax representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CARMAX DISPUTE RESOLUTION AGREEMENT

I recognize that differences possibly may arise between CarMax, a Circuit City Company, and me during my application of employment with CarMax (Circuit City Stores, Inc. includes affiliate companies such as CarMax, Patapsco Designs and FNANB). I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, both CarMax and I agree to settle any and all previously unasserted claims, disputes or controversies arising out of or relating to my application or candidacy for employment, employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, the law of contract and law of tort.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that I still may exercise my rights under the National Labor Relations Act and file charges with the National Labor Relations Board. I further understand that I still may file administrative charges with the Equal Employment Opportunity Commission or similar federal, state or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax.

I understand that I must file a claim for arbitration within one (1) year of the day on which I know or, through reasonable diligence, should have known of the facts giving rise to my claim. I further agree that if I commence an arbitration, it will be conducted in accordance with the "CarMax Dispute Resolution Rules and Procedures".

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my signature on this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation and terms and conditions of employment can be altered or terminated, with or without cause, and with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing or to alter the CarMax Dispute Resolution Rules and Procedures.

_____
Applicant's Initials

16859







| **APPLICANT'S SSN & STORE LOCATION ID TO BE COMPLETED BY THE APPLICANT** | Social Security Number 5 4 4 - 5 2 - 9 7 7 5 | Location # 7 1 2 2 |
|---|---|---|

The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By signing this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before signing this Dispute Resolution Agreement.

I have read this Agreement and understand that I should read the Dispute Resolution Rules and Procedures over the next few days.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I sign below by notifying the Applicant Screening Department in writing (including my Social Security Number and the address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Applicant Screening Department is:

> Circuit City Stores, Inc.
> Applicant Screening Department
> 9954 Mayland Drive
> Richmond, VA 23233

I understand that by so notifying the Applicant Screening Department, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I sign the Agreement and do not withdraw within three days of signing I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims, and we may not file a lawsuit in court.

**AGREED:**

_____          _____1/25/02_____
Signature                                  Date

_____346 52 9775_____
Social Security Number

_____          _____
Signature of Parent or Guardian            Date
(if under 18 years of age)

CarMax, a Circuit City Company, agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate whose signature appears above.

_____
Jeffrey S. Wells
Senior Vice President, Human Resources
Circuit City Stores, Inc.

15859

| APPLICANT'S SSN & STORE LOCATION ID TO BE COMPLETED BY THE APPLICANT | Social Security Number 346 - 52 - 9775 | Location # 7122 |
|---|---|---|

## S T O P !

**IF YOU HAVE NOT SIGNED THE AGREEMENT...**
If you have decided not to agree to the terms of the preceding DISPUTE RESOLUTION AGREEMENT then you do not need to complete the balance of this application. We appreciate your interest in the company.

**IF YOU HAVE SIGNED THE AGREEMENT...**
If you have decided at this time to agree to the terms of the preceding DISPUTE RESOLUTION AGREEMENT then you will need to complete the balance of this application so that we can continue with your application process.

## EDUCATION AND TRAINING

CIRCLE LAST YEAR OF EDUCATION COMPLETED

GRADE SCHOOL 9 10 11 12 13 (14) 15 16 16 17 18 19 20

| HIGH SCHOOL ATTENDED West Chicago | | | DIPLOMA/G.E.D. RECEIVED? yes ⊠ no ☐ | | |
|---|---|---|---|---|---|
| BUSINESS SCHOOL, TRADE SCHOOL, COLLEGE OR UNIVERSITY ATTENDED | COURSE OF STUDY (MAJOR AREA OF STUDY) | YEARS ATTENDED | | DEGREE RECEIVED | GRADE AVERAGE |
| NAME: Robert Morris CITY& STATE: Carthage, IL | Marketing | FROM 1971 TO 1976 | | | |
| NAME: CITY& STATE: | | FROM _____ TO _____ | | | |
| NAME: CITY& STATE: | | FROM _____ TO _____ | | | |
| NAME: CITY& STATE: | | FROM _____ TO _____ | | | |

LIST ANY SPECIAL SKILLS RELEVANT TO THE POSITION FOR WHICH YOU ARE APPLYING, (I.E., COMPUTER SOFTWARE AND/OR EQUIPMENT).

_____ JGW _____ Back ground

_____

LIST ANY HOBBIES, INTERESTS OR ANY OTHER SKILLS OR HONORS WHICH HAVE A DIRECT BEARING ON THE JOB YOU ARE SEEKING. IDENTIFY LANGUAGES, OTHER THAN ENGLISH, YOU CAN SPEAK AND UNDERSTAND. YOU ARE NOT REQUIRED TO LIST ANY INFORMATION WHICH MIGHT REVEAL YOUR RACE, RELIGION, SEX OR NATURAL ORIGIN.

_____

_____

_____

 



| APPLICANT'S SSN & STORE LOCATION ID TO BE COMPLETED BY THE APPLICANT | Social Security Number 34 6 - 5 2 - 9 7 5 5 | Location # |
|---|---|---|

## EMPLOYMENT HISTORY

LIST ALL JOBS, MILITARY SERVICE, VERIFIABLE VOLUNTEER WORK AND SELF-EMPLOYMENT IN THE USA, BEGINNING WITH PRESENT JOB. INCLUDE ANY PERIODS OF UNEMPLOYMENT GREATER THAN 1 MONTH IN DURATION. PRINT CLEARLY.

**YOU MUST COMPLETE THIS SECTION IN ITS ENTIRETY EVEN IF YOU INCLUDE A RESUME.**

| NAME OF COMPANY, ADDRESS, STATE, TELEPHONE NUMBER | DATES OF EMPLOYMENT MONTH-YEAR | RATE OF PAY | NAME AND PHONE NUMBERS OF SUPERVISOR | DUTIES AND RESPONSIBILITIES | REASON FOR LEAVING |
|---|---|---|---|---|---|
| CO NAME Crispleyoung Pless STREET 801 Colcreek CITY & STATE Lombard PHONE 847 412 2772 JOB TITLE | FROM 5/01 TO Present #HRS/WEEK | STARTING 13ºº ENDING 13 50 CIRCLE: HR WK MO YR MAY WE CONTACT? ☐ YES | Juette Hernandez NAME OF SUPERVISOR (AREA) PHONE# | Setting up Reservations | Location |
| CO NAME Home Depot STREET CITY & STATE Naperville PHONE JOB TITLE Sale Cashier | FROM 5/1999 TO 5/2001 #HRS/WEEK | STARTING 13ºº ENDING 13 50 CIRCLE: HR WK MO YR MAY WE CONTACT? ☐ YES ☐ NO | NAME OF SUPERVISOR (AREA) PHONE# | No Promotion Availability | Cashier Elect Dept |
| CO NAME Cutye Nop STREET CITY & STATE Naperville PHONE JOB TITLE | FROM 5/1998 TO 1999 #HRS/WEEK | STARTING 11 68 ENDING 12 57 CIRCLE: HR WK MO YR MAY WE CONTACT? ☐ YES ☐ NO | NAME OF SUPERVISOR (AREA) PHONE# | Fall 2/83 A Slow Time | Sec to Const. Division |
| CO NAME Steve Conn STREET CITY & STATE PHONE JOB TITLE | FROM 5/1996 TO 1998 #HRS/WEEK | STARTING Commission ENDING CIRCLE: HR WK MO YR MAY WE CONTACT? ☐ YES ☐ NO | Steve Conn NAME OF SUPERVISOR (AREA) PHONE# | Divorce on my husband Side | Selling Custom Homes |
| CO NAME Gladstone 151 STREET CITY & STATE PHONE JOB TITLE | FROM 5/1994 TO 5/1996 #HRS/WEEK | STARTING 20,000 + Comm ENDING CIRCLE: HR WK MO YR MAY WE CONTACT? ☐ YES ☐ NO | NAME OF SUPERVISOR (AREA) PHONE# | Better opportunit | Selling Custom Homes |

HAVE YOU EVER WORKED FOR CARMAX, CIRCUIT CITY OR ANY OF ITS SUBSIDIARIES? ☐ YES ☒ NO
IF YES, WHERE _____ FROM _____ TO _____

HAVE YOU, WITHIN THE LAST TWELVE MONTHS, APPLIED FOR A POSITION WITH CARMAX, CIRCUIT CITY OR ANY OF ITS SUBSIDIARIES? ☐ YES ☒ NO    IF YES, WHERE _____
APPROXIMATE DATE _____

DO YOU HAVE ANY FRIENDS OR RELATIVES EMPLOYED BY CARMAX? ☐ YES ☒ NO
IF YES, PLEASE IDENTIFY _____

16859

**APPLICANT'S SSN & STORE LOCATION ID TO BE COMPLETED BY THE APPLICANT**

Social Security Number: 3 4 6 - 5 2 - 9 7 6 8 ?

Location #: 7 1 7 ?

**HOW DID YOU HEAR ABOUT US?**

- ☐ EMPLOYMENT AD
  - NEWSPAPER _NAR Sun_
  - RADIO _____
  - TV _____
  - INTERNET _____
  - OTHER PUBLICATION _____
- ☐ JOB FAIR
- ☐ RECRUITER CONTACTED ME
- ☐ COLLEGE RECRUITING
- ☐ EMPLOYEMENT AGENCY
- ☒ ASSOCIATE REFERRAL _JASMINE SHIELDS_
- ☐ OTHER _____

ARE YOU ELIGIBLE TO WORK IN THE USA? ☒ YES ☐ NO

ARE YOU UNDER 18 YEARS OF AGE? ☒ YES ☐ NO
IF YES, DO YOU HAVE A WORK PERMIT? ☐ YES ☐ NO

HAVE YOU, SINCE THE AGE OF 18 BEEN CONVICTED OF A FELONY? ☐ YES ☒ NO
IF YES, PLEASE EXPLAIN.

A CONVICTION WILL NOT NECESSARILY EXCLUDE YOU FROM EMPLOYMENT. EACH CONVICTION WILL BE JUDGED ON ITS OWN MERITS WITH RESPECT TO THE TIME, CIRCUMSTANCES AND SERIOUSNESS.

SPECIFIC TITLE OF POSITION APPLIED FOR: _Sales_

TYPE OF WORK DESIRED: ☒ FULL TIME ☐ REGULAR ☐ PART TIME ☐ SEASONAL

DATE AVAILABLE TO BEGIN WORK: _2/02_

SALARY/WAGE EXPECTED: $ _14.00_ PER YEAR $ _hr_ PER HR.

LIST HOURS AND DAYS YOU ARE AVAILABLE TO WORK. _Flexible_

| | SUN | MON | TUE | WED | THU | FRI | SAT |
|---|---|---|---|---|---|---|---|
| FROM | | 8-5 | 8-5 | 9-5 | 8-5 | 8-5 | 8-5 |
| TO | | | | | | | |

**PLEASE READ CAREFULLY AND SIGN BELOW.**

I hereby certify that all of the information contained in this application is complete and accurate to the best of my knowledge. I understand that, if employed, omissions or false or inaccurate statements on the application or the Loss Prevention interview may result in dismissal.

I hereby authorize all prior employers, schools, credit bureaus, Social Security Administration, law enforcement agencies and investigative agencies to give CarMax any and all information concerning my previous employment and any pertinent information that may have personal or otherwise, concerning my qualifications for the position applied for. I release all persons and entities from all liability for any damage that may result from furnishing information to CarMax. I also release CarMax and all of its employees from all liability for any damage that may result from reliance on the information furnished. I understand that if a consumer investigative report is requested I have the right under the Fair Credit Reporting Act to request, in writing, within a reasonable time, a complete and accurate disclosure of the nature and scope of the investigation. This written request should be addressed to the location where this application is filed.

If employed by CarMax, I agree to abide by its policies, rules and regulations. I understand and agree that my employment is at-will and, therefore, my employment and compensation can terminate, with or without cause, at any time, at my option or the option of Circuit City Stores, Inc. or any of its affiliated companies, unless it is modified by a specific written employment contract for a specific duration which is signed by an officer of CarMax at the level of Vice President or above and me. This at-will employment relationship may not be modified by any oral or implied agreement.

I understand that this application is completed for the position or positions indicated on page 8 and that it will be necessary to reapply for other positions when they come available. I also understand that this application is good for only sixty (60) days from today's date. If I still desire to be considered for a position with the company after this application expires, it will be my responsibility to complete a new application and file it with the company.

MARYLAND APPLICANTS ONLY. I acknowledge that I have received notification that UNDER MARYLAND LAW, AN EMPLOYER MAY NOT REQUIRE OR DEMAND, AS A CONDITION OF EMPLOYMENT, PROSPECTIVE EMPLOYMENT, OR CONTINUED EMPLOYMENT, THAT AN INDIVIDUAL SUBMIT TO OR TAKE A LIE DETECTOR OR SIMILAR TEST. AN EMPLOYER WHO VIOLATES THIS LAW IS GUILTY OF A MISDEMEANOR AND SUBJECT TO A FINE NOT EXCEEDING $100.

_(signature)_ _____ SIGNATURE OF APPLICANT

1/25/02 DATE SIGNED

| APPLICANT'S SSN & STORE LOCATION ID TO BE COMPLETED BY THE APPLICANT | Social Security Number 3 4 6 - 5 2 - 9 7 7 5 | Location # 7 1 2 2 |
| --- | --- | --- |

# Consumer Credit Report Disclosure*

I authorize CarMax the Auto Superstore, a Circuit City Company, to obtain consumer credit reports which may be used for employment purposes.

_Lydia Clark_          1/25/02

**SIGNATURE**                    **DATE**

*To be retained with **Employment Application**

CAR3000 / Rev. 01/2001

15226

**DISPUTE RESOLUTION RULES AND PROCEDURES**

# CARMAX DISPUTE RESOLUTION RULES AND PROCEDURES

## Rule 1  PURPOSE

CarMax has established an employment dispute resolution procedure, culminating in formal arbitration, designed to provide a fair, private, exclusive, expeditious, final, and binding means for resolving legal disputes rising out of, or relating to, employment with CarMax, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the CarMax Dispute Resolution Agreement, whether brought by an Associate or by CarMax. The term "Associate" includes applicants, employees and former employees. These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and CarMax.

## Rule 2  CLAIMS SUBJECT TO ARBITRATION

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with CarMax or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral, third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies, or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director or affiliate company.

All previously unasserted claims arising under federal, state or local statutory or common law shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, including the amendments of the Civil Rights Act of 1991, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, and intentional/negligent infliction of emotional distress or defamation.

Claims by Associates for state employment insurance (e.g., unemployment compensation, workers' compensation, worker disability compensation) or under the National Labor Relations Act shall not be subject to arbitration. Statutory or common law claims alleging that CarMax retaliated or discriminated against an Associate for filing state employment insurance claim, however, shall be subject to arbitration.

## Rule 3  DISMISSAL/STAY OF COURT PROCEEDINGS

By agreeing to the Dispute Resolution Program, an Associate agrees to resolve through arbitration all claims described in or contemplated by Rule 2. If an Associate files a lawsuit in court to resolve claims subject to arbitration, the Associate agrees that the Court shall dismiss the lawsuit and require the Associate to arbitrate the dispute.

If an Associate files a lawsuit in Court involving claims which are, and other claims with are not, subject to arbitration, the Associate agrees that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Associate further agrees that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

2

## Rule 4  COMMENCEMENT OF ARBITRATION

### a. PROCEDURE

An Associate shall commence an arbitration by filing the attached CarMax Arbitration Request Form with a required filing fee of $75 (made payable with a cashier's check or money order to CarMax) to:

> Arbitration Coordinator
> CarMax Auto Superstores, Inc.
> 4900 Cox Road
> Glen Allen, VA 23060

The required fee may be waived based on demonstrated inability to pay. An Associate may obtain a Request for Waiver of Filing Fee from the Arbitration Coordinator at the address above or by calling (804) 747-0422, ext. 4480.

Any Arbitration Request Form which is not accompanied by either the required filing fee or a Request for Waiver of Filing Fee will not be accepted and will be returned to the Associate.

### b. TIME LIMITS

#### i. FILING OF REQUEST FOR ARBITRATION

The "CarMax Arbitration Request Form" shall be submitted not later than one year after the date on which the Associate knew, or through reasonable diligence should have known, of the facts giving rise to the Associate's claim(s). The failure of an Associate to initiate an arbitration within the one-year time limit shall constitute a waiver with respect to that dispute relative to that Associate.

#### ii. CARMAX'S RESPONSE

Within twenty-one (21) calendar days of receipt of an Associate's Arbitration Request Form and either the accompanying filing fee or Request for Waiver of Filing Fee, the Company shall send the Company's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

### c. NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first class mail, postage prepaid, as follows:

> If to CarMax:
>> (i) Arbitration Coordinator
>> CarMax Auto Superstores, Inc.
>> 4900 Cox Road
>> Glen Allen, VA 23060; or
>> (ii) to the Company's attorney as designated in writing by the Company.

> If to the Associate:
>> (i) to the Associate's address of record as it appears on the Arbitration Request Form; or
>> (ii) to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate.

## Rule 5  SELECTION OF AN ARBITRATOR

CarMax and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within twenty-one (21) calendar days after the Company receives the Associate's Arbitration Request Form and the accompanying filing fee, National Arbitration and Mediation (NAM) or other Arbitrator and/or Arbitration Service as agreed to by the Parties shall be asked to provide a panel of seven (7) neutral arbitrators

**3**

with experience deciding employment disputes. The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable. If all arbitrators on the first panel furnished by the Arbitration Service are stricken by the Parties as unacceptable for deciding the dispute, the Arbitration Service is authorized to furnish an additional panel, from which each party may strike up to three (3) arbitrators. The Arbitration Service will then appoint an arbitrator from the remaining names.

## Rule 6 TIME AND PLACE OF ARBITRATION

The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location where the Associate was or sought to be employed with the company, unless the Parties agree otherwise. If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to see that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

## Rule 7 REPRESENTATION

Both the Associate and the Company shall have the right to be represented by counsel.

## Rule 8 DISCOVERY

### a. INITIAL DISCLOSURE

Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party shall provide the opposing Party with any and all documents relevant to any claim or defense.

Upon request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

### b. OTHER DISCOVERY

#### i. INTERROGATORIES/DOCUMENT REQUESTS

Each Party may propound one set of twenty (20) interrogatories (including subparts) to the opposing Party. Interrogatories are written questions asked by one Party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding Party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

#### ii. DEPOSITIONS

A deposition is a statement under oath that is given by one Party in response to specific questions from the other Party, and usually is recorded or transcribed. Each Party shall be entitled to take the deposi

4

tion of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a tran script.

### iii. ADDITIONAL DISCOVERY

Upon the request of any Party and a showing of substantial need, the Arbitrator may permit additional discovery, but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

### c. DISOVERY DISPUTES

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

### d. TIME FOR COMPLETION OF DISCOVERY

All discovery must be completed within the ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

## Rule 9  HEARING PROCEDURE

### a. WITNESSES

Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party. Either Party may issue subpoenas compelling the attendance of any other person necessary for the issuing Party to prove its case.

### i. SUBPOENAS

A subpoena is a command to an individual to appear at a certain place and time and give testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than ten (10) calendar days prior to the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

### ii. SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testi fy at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

## b. EVIDENCE

The Parties may offer evidence that is relevant and material to the dispute and shall produce any and all non-privileged evidence which the Arbitrator deems necessary to a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although they may be consulted to resolve questions regarding the admissibility of particular matters.

5

### c. BURDEN OF PROOF

An Associate has the burden of proving a claim or claims by a preponderance of the evidence. To prevail, an Associate must prove that the Company's conduct with respect to the Associate was a violation of applicable law.

### d. BRIEFING

Each Party shall have the opportunity to submit one pre-hearing brief and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the reporting service.

### e. TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The Parties shall share evenly the costs of the reporter and transcription, subject to the provisions of Rule 13 below.

### f. CONSOLIDATION

#### i. CLAIMS

The Arbitrator shall have the power to hear as many claims as an Associate may have against the Company consistent with Rule 2 of these Dispute Resolution Rules and Procedures. The Arbitrator may hear additional claims that were not mentioned in the Arbitration Request Form, provided the Associate adding claims notifies the Company at least thirty (30) calendar days prior to a scheduled arbitration, the additional claims are timely as of the date on which they are added and the Company i not prejudiced in its defense by such addition.

#### ii. PARTIES

The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action (a class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek relief on behalf of the group).

### g. CONFIDENTIALITY

All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the Parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process.

All settlement negotiations, mediations, and the results thereof shall be confidential.

### Rule 10 SUBSTANTIVE CHOICE OF LAW

The Arbitrator shall apply the substantive law of the State in which the Associate is, was or sought to be predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the District in which the Associate is or was predominantly employed.

6

## Rule 11 ARBITRATOR AUTHORITY

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes. To that end, seven days prior to the scheduled arbitration hearing, the parties shall participate in a telephone conference with the Arbitrator. Where a Party has challenged the legal sufficiency of an asserted claim or defense in a pre-hearing brief, each Party may be heard. A Party making such a challenge should file the pre-hearing brief as early as possible to permit due consideration of the issue. The Arbitrator shall strike any legally deficient claim and/or defense by ruling communicated to the Parties at least five (5) days prior to the scheduled arbitration hearing.

### a. JURISDICTION

The Arbitrator's authority shall be limited to deciding the claims and defenses submitted for arbitration. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that CarMax have "just cause" to discipline or discharge an Associate or to change the terms and conditions of employment of an Associate unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

### b. SANCTIONS

The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

## Rule 12 AWARD

Within twenty-one (21) calendar days after receipt of post-hearing briefs, if any, the Arbitrator shall mail to the parties a written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of the arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees otherwise in writing.

## Rule 13 FEES AND EXPENSES
### a. COSTS OTHER THAN ATTORNEY FEES

#### i. Definitions

Costs of an arbitration for which an Associate may be responsible, subject to the other provisions of this Rule, include filing or administrative fees charged by the Arbitration Service, the cost of a reporter who transcribes the proceeding, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

7

**ii. Filing Fee/Costs of Arbitration**
An Associate initiating an arbitration shall pay a filing fee of seventy-five dollars ($75) made payable with a cashier's check or money order to CarMax Auto Superstores, Inc., unless the filing fee is waive based on demonstrated inability to pay. CarMax shall pay the daily or hourly fees of the Arbitrator wl decides the case and shall advance the remainder of the costs of the arbitration. Each Party shall advance its own incidental costs. Subject to the other provisions of this Rule set forth below, each Par shall pay one-half of the costs of arbitration following the issuance of the arbitration award. The Associate's liability for the costs and fees of arbitration, other than attorney fees, however, shall be lim ited to the higher of five hundred dollars ($500) or three percent (3%) of the Associate's most recent annual compensation at CarMax.

**iii. Shifting of Costs**
If the Associate prevails in arbitration, whether or not monetary damages or remedies are awarded, th filing fee shall be refunded to the Associate, and the Arbitrator may require that CarMax pay the Associate's share of the costs of arbitration and incidental costs. If CarMax prevails in arbitration, the Arbitrator may require the Associate to pay CarMax's share of the costs of arbitration and incidental costs, subject to the limitation set forth above.

**iv. Payment of Costs**
The Parties shall pay all previously unpaid arbitration costs within ninety (90) calendar days of the issuance of the arbitration award.

If the Associate fails to pay, or fails to make arrangements to pay, within ninety (90) calendar days, and the Associate is still employed by the Company, CarMax may deduct the amount owed from the Associate's pay-check. Such deduction may not exceed a rate of five percent (5%) of the Associate's compensation per pay period.

**b. ATTORNEY FEES**
The Arbitrator is authorized to award attorney fees in accordance with applicable law. In the absence of an award, each Party shall be liable for its own attorney fees. Any award shall be reasonable in light of the amour and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorney in the geographic area in which the arbitration is held.

**Rule 14 REMEDIES AND DAMAGES**
If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award appropriate relief in accordance with applicable law. If appropriate relief includes reinstatement, such reinstatement will be to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment. If reinstatement at the place of the Associate's last employ-ment is not practical, reinstatement will be to a comparable position at CarMax in the same general geograph ic market area.

**Rule 15 SETTLEMENT**
The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with the approval of the Arbitrator.

At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute t mediation before a mediator provided by the Arbitration Service.

8

## Rule 16 ENFORCEABILITY

The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.§ 1, et seq., and the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration.

## Rule 17 APPEAL RIGHTS

The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, §§8.01.581.01 et seq.

## Rule 18 SEVERABILITY/CONFLICT WITH LAW

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

## Rule 19 TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES

CarMax may alter or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31 of any year upon giving thirty (30) calendar days written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time the Arbitration Request Form and accompanying filing fee, or Request for Waiver of Filing Fee is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all CarMax locations (including locations of affiliated companies). A copy of the text of any modification to the Agreement or Rules and Procedures will be published in the Applicant Packet, which will be available at such locations after December 31 of each year.